Filed 5/24/21  P. v. Estrella CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E074007 |
| v. | (Super.Ct.No. RIF1602363) |
| NACKING ESTRELLA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Nacking Estrella was charged by information with premeditated attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a), count 1) and assault with a deadly weapon (§ 245, subd. (a)(1), count 2). As to both counts, the information alleged that defendant personally inflicted great bodily injury upon the victim. (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8).) A jury found defendant guilty as charged and found the enhancements true. A trial court sentenced him on count 1 to seven years to life in state prison, plus a consecutive three years on the great bodily injury enhancement. As to count 2, the court imposed three years, plus three years on the great bodily injury enhancement, but stayed both terms under section 654.

Defendant filed a timely notice of appeal. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant and Leslie H. (the victim) were cousins. They got into an argument about defendant's romantic relationship with their cousin, N.F. Defendant had told the victim he was worried that N.F. was backing out of the relationship and asked her to convince N.F. that their relationship was acceptable in their family. Defendant later told the victim he felt like she backstabbed him since she told N.F. to get over him and move on. Defendant felt betrayed and told the victim she really hurt his feelings. The victim became angry and sent an offensive text to him. A few days later, defendant showed up at the victim's apartment. She answered the door with her bra on but no shirt, so he told her to put a shirt on. Meanwhile, he went to the kitchen and appeared to start looking for

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

something. She returned to the kitchen, and they talked about their argument. They apologized to each other, and the victim walked to the bathroom. In the mirror, she could see defendant again looking for something in the kitchen. The victim picked up her phone to call someone, and defendant approached her, took the phone from her hand, and told her to give him a hug. He held her for an unusually long time, and she felt uncomfortable and started to walk away. She then felt his arm wrap around her neck very tightly, and she passed out. When the victim woke up, she had blood gushing out of her neck and felt a knife in her throat, and she pulled it out.

Police investigators brought defendant to the police station to interview him about the incident.[2] At the beginning of the interview, the investigator advised defendant of his *Miranda*[3] rights, and defendant acknowledged that he understood. He then denied having anything to do with the victim's injury.

The next day, defendant voluntarily took a polygraph test. He initially denied cutting the victim's throat with a knife. However, he eventually admitted to the polygraph examiner that he choked her, stabbed her, and tried to kill her. The examiner then called the investigator into the room for defendant to tell him what happened. Defendant said he was a bad person because he just tried to kill his cousin. The investigator reminded him of his *Miranda* rights, and defendant repeated that he choked the victim and stabbed her with a knife.

---

[2] A videotape of the interview was played for the jury at trial.

[3] *Miranda v. Arizona* (1966) 384 U.S. 436.

3

Defendant filed a motion to suppress his statements made to the investigator, and the court denied it.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and the following potential arguable issues: (1) whether the court erred in denying the motion to suppress defendant's statements to police on the ground that they were obtained in violation of his *Miranda* rights; and (2) whether the trial counsel rendered ineffective assistance by failing to request a pinpoint instruction stating that heat of passion can be considered to negate premeditation. Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

4

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
                                                                    J.

We concur:

RAMIREZ_____
                  P. J.

SLOUGH_____
                  J.